Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence, or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence MODIFIES and AFFIRMS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant at all times relevant to this claim.
3. Plaintiff sustained a injury by accident which has been accepted as compensable pursuant to a Form 21, approved by the Commission on 7-23-93. The Form 21 indicated an average weekly wage of $174.37, with a compensation rate of $116.25, and indicated this was subject to wage verification.
4. Plaintiff raises the issue of average weekly wage and the parties have stipulated a Form 22 for wage calculation.
5. The other issue before the Commission is whether there is any additional period of temporary total disability for which compensation is due.
6. The parties also stipulated an indexed packet of medical records and the Defendant's Answers to Plaintiff's Interrogatories with attachments.
* * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission modifies in part and adopts in part the findings of fact of the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. The Industrial Commission has jurisdiction over this claim.
2. Plaintiff was born on November 4, 1972, and has not completed high school. At the time of his accident on April 15, 1993, plaintiff was working on completing his degree and was working at the tenth grade level.
3. Plaintiff had been employed by the defendant for approximately two and one-half years prior to his injury by accident on April 15, 1993.
4. Based on the Form 22 wage chart submitted by the parties, at the time of plaintiff's injury by accident, his average weekly wage was $265.86, yielding a compensation rate of $177.25. Plaintiff is entitled to payment of temporary total disability compensation at the corrected verified rate of $177.25 per week during all periods of disability.
5. Following his injury by accident, plaintiff was seen by several physicians, including Dr. Raymond Sweet, a neurosurgeon, Dr. David Humphries at the Oweida Sports Medicine and Orthopaedic Center, and Dr. J. Robinson Hicks, at Charlotte Orthopedic Specialists.
6. Dr. Sweet saw plaintiff in April and diagnosed an acute lumbar sacral strain. He found no evidence of a ruptured disc or pinched nerve. He also noted that plaintiff was grossly obese at 5'9" and 309 pounds. On April 21, 1993, Dr. Sweet was of the opinion that plaintiff could return to light duty without repetitive bending or lifting more than 30 pounds and to return in one week. On May 4, 1995, Dr. Sweet again stated that plaintiff could do light duty with the same restrictions previously noted.
7. Dr. Humphries saw plaintiff on May 19, 1993. He found that plaintiff had a boney weakness in his back and that plaintiff had strained his back and recommended physical therapy, and Weight Watchers to lose weight. Dr. Humphries saw plaintiff again on June 2, and June 16, 1993. Dr. Humphries felt that plaintiff might need a fusion and referred him to Dr. Hicks for further care of his back.
8. Dr. Hicks first saw plaintiff on the referral from Dr. Humphries on June 21, 1993. His assessment was back strain with pre-existing spondylolisthesis. He wrote a note that plaintiff was unable to work and was to return in 3 weeks. He referred plaintiff for physical therapy.
9. Plaintiff continued with his physical therapy, although at times he did not show up for appointments. On September 16, 1993, Dr. Hicks noted plaintiff was making "slow progress". Dr. Hicks released plaintiff to return to light duty on September 27, 1993.
10. As established by the medical evidence, plaintiff was unable to work from June 21, 1993 until he was released to return to light duty as of September 27, 1993, when plaintiff's condition had improved to the point that he could do light duty work.
11. Plaintiff reported to work for defendant on September 27, 1993, at which time he was assigned the job of sweeper. He would use a regular household broom which weighed about one and one-half pounds to sweep the areas around the looms. The looms are about 4 feet wide and 6 feet long, and are about 2 inches above the floor. Plaintiff was to sweep around the looms and down the aisles, not under the looms. There were about 50 to 60 looms and plaintiff needed to sweep the area 4 or 5 times during an eight hour shift.
12. Plaintiff continued to work for about four hours on September 27th. He told Hubert Ellis he was hurting and that he was going home to take some medicine and would call him or come back to work. Plaintiff went home, took some medicine and fell asleep. He did not call Mr. Ellis or report back to work.
13. Plaintiff did not report back to work the next day, or give his employer a doctor's excuse from work. On September 30, plaintiff spoke with Ronnie Blackburn, who reminded plaintiff of company policy under which employees are required to give notice of the reason for an absence within 24 hours, or the company considers this abandonment of the job and the employee can be terminated. When plaintiff did not comply with this policy his employment was terminated on or about October 6, 1993.
14. It is Dr. Hicks opinion that plaintiff was capable of performing some light duty job as of September 27, 1993. After plaintiff failed to complete his work on September 27, he next saw Dr. Hicks on October 21, 1993. At that time plaintiff told Dr. Hicks he had been fired. Plaintiff did not request a note to keep him out of work.
15. Dr. Hicks continued to see plaintiff and on January 11, 1994 plaintiff was complaining of increasing pain. It was Dr. Hicks opinion that as of January 11, 1994, plaintiff was unable to work.
16. Based upon the greater weight of the evidence, plaintiff was capable of performing light duty as of September 27, 1993. The defendant employer accommodated plaintiff by assigning him the sweeping job which was light duty. Plaintiff was not justified in refusing to continue this light duty work. He has not provided sufficient medical evidence that he could not do the sweeper job from September 27, 1993 through January 10, 1994.
17. Plaintiff's condition worsened and, as noted by Dr. Hicks, as of January 11, 1994, he was not able to work.
18. Plaintiff continues to be grossly overweight. As noted by Dr. Hicks, the only thing that will probably improve the plaintiff's condition is a decompressive laminectomy and fusion. However, this surgery can not be done at this time due to plaintiff's obesity, which would make it very complicated and risky. Dr. Hicks does not want to operate unless plaintiff can get his weight down to 225.
19. An attorney fee of 25% of the total award due plaintiff herein is reasonable under the facts and circumstances of this case giving consideration to the total accrued award herein, the potential for future fees of every fourth check for an indefinite period of time and customary fees awarded in similar cases.
* * * * * * * * * *
Based upon the foregoing stipulations and findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff was unable to work and is entitled to temporary total disability benefits at the rate of $177.25 from the date of disability beginning April 15, 1993 until September 27, 1993. Defendant is entitled to a credit for workers' compensation benefits paid to plaintiff during this period. N.C. Gen. Stat. § 97-29.
2. Plaintiff has failed to prove by the greater weight of the evidence that he was unable to do the light duty job of sweeper, which defendant offered to plaintiff upon his release to return to light duty work on September 27, 1993. Plaintiff's refusal to continue to work as a sweeper was not justified. Therefore he is not entitled to temporary total disability benefits from September 27, 1993 and continuing during the period of his unjustifiable refusal through January 10, 1994. N.C. Gen. Stat. § 97-32.
3. Plaintiff's pain increased and his condition deteriorated so that as of January 11, 1994, he was unable to work and therefore is entitled to temporary total disability benefits beginning January 11, 1994 and continuing until further Order of the Commission. N.C. Gen. Stat. § 97-29.
4. Plaintiff is entitled to continuing payment of medical expenses incurred or to be incurred, as a result of his injury by accident so long as the treatment rendered tends to effect a cure, give relief, or lessen his disability. N.C. Gen. Stat. § 97-25.
* * * * * * * *
Based upon the foregoing findings of fact and conclusions of law the Full Commission enters the following
AWARD
1. Defendants shall pay plaintiff temporary total disability benefits at the rate of $177.25 per week from April 15, 1993 through September 26, 1993 and from January 11, 1994 and continuing until such time as plaintiff is no longer disabled, returns to work, or until further order of the Industrial Commission. Defendant is allowed a credit for any temporary total disability benefits previously paid to plaintiff. All amounts accrued to date shall be paid in a lump sum, subject to an attorney's fee approved hereafter.
2. Defendant shall pay all reasonable medical expenses incurred or to be incurred by plaintiff, as a result of his injury by accident when bills have been submitted and approved through procedures approved by the Industrial Commission.
3. An attorneys fee of twenty-five percent of the compensation awarded plaintiff is approved for plaintiff's counsel. One-fourth of all compensation accrued and due plaintiff shall be deducted and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check due plaintiff shall be forwarded to plaintiff's counsel.
4. Defendant shall pay the costs due this Commission.
* * * * * * * *
ORDER
In the discretion of the Full Commission, IT IS HEREBY ORDERED that defendant's Motion to reopen the record for receipt of additional evidence is DENIED and plaintiff's Motion for an increase in the attorney's fee award to 33 1/3% is DENIED.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ __________________ J. RANDOLPH WARD COMMISSIONER
S/ __________________ COY M. VANCE COMMISSIONER
BSB:md